**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **NORMAN GILCREASE,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: _____ |
| | ) |
| **GERBER LIFE INSURANCE COMPANY,** | ) |
| | ) |
|    **Defendant.** | ) |
| | ) |

## DEFENDANT GERBER LIFE INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant Gerber Life Insurance Company ("Gerber") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and would show this Court as follows:

### I.   COMMENCEMENT AND SERVICE

4.   Plaintiff Norman Gilcrease ("Gilcrease") initiated this action on October 10, 2016 by filing his Original Petition in County Court at Law No. 3 of Tarrant County, Texas, styled Case No. 2016-006033-3, *Norman Gilcrease v. Gerber Life Insurance Company*. *See* Ex. 2.

5.   Gerber was first served with process through its registered agent by certified mail, return receipt requested, on October 26, 2016. *See* Ex. 5.

6.   Gerber filed its answer on November 18, 2016. *See* Ex. 6.

7.   This Notice of Removal, filed on November 23, 2016, is timely filed within the thirty (30) days of the receipt of process of a copy of the initial pleading, from which it was ascertained that the case in one which is removable, pursuant to 28 U.S.C. § 1446(b). Further, this Notice of Removal is timely filed within one (1) year of the commencement of this action and is thus timely in accordance with 28 U.S.C. § 1446(c).

## II.  GROUNDS FOR REMOVAL

8. Defendant is entitled to remove the entire state court matter to this Court pursuant to 28 U.S.C. § 1332(a). Section 1332(a) provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states . . . ."

9. Removal of the entire state court matter to this Court is also proper under 28 U.S.C. § 1441 and 1446(a) because this Court's district and division embraces the pending state court action in County Court at Law No. 3 of Tarrant County, Texas.

10. Because the parties are completely diverse and the amount in controversy exceeds $75,000 under 28 U.S.C. § 1332(a), Defendant is entitled to remove Plaintiff's Complaint to this Court pursuant to 28 U.S.C. § 1441.

### A.  The Parties are Completely Diverse

11. This is an action with complete diversity of citizenship between Plaintiff and Defendant.

12. Upon information and belief, Plaintiff is a resident of Tarrant County, Texas. Plaintiff is therefore a citizen of Texas within the meaning and intent of 28 U.S.C. § 1332.

13. Gerber is incorporated in the State of New York and has its principal place of business in White Plains, New York. Gerber is therefore a citizen of New York within the meaning and intent of 28 U.S.C. § 1332.

14. No change of citizenship has occurred since commencement of the state court action. Accordingly, diversity of citizenship exists among the proper parties.

### B. Amount in Controversy Exceeds $75,000

15. Plaintiff pled that he sought to recover over $100,000 but less than $200,000. *See* Ex. 2 at ¶ 2. Additionally, Plaintiff alleges damages of $50,000 and exemplary damages of $100,000. *See* Ex. 2 at ¶ 10. Therefore, the total amount in controversy exceeds $75,000 and this Court has jurisdiction under 28 U.S.C. § 1332.

### III. PLAINTIFF'S ALLEGATIONS AND FACTUAL BACKGROUND

16. This case arises out of the alleged improper denial of accident benefits under Accident Policy Number 40263257 (the "Policy"), which provides benefits in the amount of $50,000 in the event of the total and irrecoverable loss of the entire sight in one eye. *See id.* at ¶ 6.

17. Gilcrease brings suit against Gerber for (1) violations of the Texas Insurance Code section 541.060; (2) breach of contract; and (3) violations of the Texas Insurance Code sections 542.055 and 542.056. *See id.* at ¶ 7–9. Plaintiff seeks damages of $50,000 in policy benefits; $100,000 in exemplary damages; $5,000 in mental anguish; reasonable and necessary attorney's fees; and pre-judgment interest. *See id.* at ¶ 10.

### IV. VENUE

18. Venue lies in the United States District Court for the Northern District of Texas, Fort Worth Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiffs filed the state court action in this judicial district.

### V. CONSENT TO REMOVAL

19. Because Gerber is the only Defendant, all Defendants join in and consent to this removal.

## VI. NOTICE

20. Gerber shall provide notice of the filing of this Notice of Removal to all parties of record pursuant to 28 U.S.C. § 1446(d).

21. Gerber shall also file with the clerk of the state court action and will serve upon Plaintiff's counsel a notice of the filing of this Notice of Removal.

## VII. JURY DEMAND

22. Plaintiff has demanded a jury trial in the state court action. *See* Ex. 2 at ¶ 17.

## VIII. PLEADINGS AND PROCESS

23. Pursuant to 28 U.S.C. § 1446(a), Defendant is required to file copies of "all process, pleadings, and orders served upon it." The following documents are attached to this Notice of Removal as correspondingly numbered exhibits:

Exhibit 1:    Index of Documents Being Filed.

Exhibit 2:    Copy of Plaintiff's Original Petition filed in state court on October 10, 2016.

Exhibit 3:    Copy of Civil Case Information Sheet filed in state court on October 10, 2016.

Exhibit 4:    Copy of Citation issued by state court on October 14, 2016.

Exhibit 5:    Copy of certified mail envelope dated on October 24, 2016.

Exhibit 6:    Copy of Defendant's Original Answer filed in state court on November 18, 2016.

Exhibit 7:    Copy of the Civil Docket Sheet from County Court at Law No. 3 of Tarrant County, Texas.

## IX.   CONCLUSION

WHEREFORE, Defendant Gerber Life Insurance Company, pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. § 1446, removes this action from County Court at Law No. 3 of Tarrant County, Texas, bearing Case Number 2016-006033-3, to this Court, and asks that this Court make and enter such further orders as may be necessary and proper.

Dated:  November 23, 2016                                   Respectfully submitted,

By: */s/ Blaire B. Johnson*
    Thomas F. A. Hetherington
    Texas Bar No. 24007359
    tom.hetherington@emhllp.com

    Blaire Bruns Johnson
    Texas Bar No. 24064968
    blaire.johnson@emhllp.com

EDISON, MCDOWELL & HETHERINGTON LLP
1001 Fannin Street, Suite 2700
Telephone: (713) 337-5580
Facsimile:   (713) 337-8850

    Amy B. Boyea
    State Bar No. 24026910
    amy.boyea@emhllp.com

EDISON, MCDOWELL & HETHERINGTON LLP
2000 East Lamar Boulevard, Suite 780
Arlington, Texas  76006
Telephone:(817) 303-2140
Facsimile: (713) 337-8849

**ATTORNEYS FOR DEFENDANT
GERBER LIFE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

      I hereby certify that on November 23, 2016, a true and correct copy of the foregoing has been served on the following counsel of record by certified mail, return receipt requested and email:

**Counsel for Plaintiff**

Mark S. Humphreys
702 Dalworth Street
Grand Prairie, Texas 75050
Telephone: (972) 263-3722
Facsimile: (972) 2371690
Email:     texaslaw94@yahoo.com

                                      */s/ Blaire B. Johnson*
                                        Blaire Bruns Johnson