# EXHIBIT 2

E-FILED
TARRANT COUNTY, TEXAS
10/10/2016 1:36:37 PM
MARY LOUISE GARCIA
COUNTY CLERK
BY: S.D. T.

Cause No. 2016-006033-3

| | | |
|---|---|---|
| Norman Gilcrease | § | In County Court at |
| | § | |
| V. | § | Law Number _____ of |
| | § | |
| Gerber Life Insurance Company | § | Tarrant County, Texas |

**PLAINTIFF'S ORIGINAL PETITION**
**(with Disclosure Request)**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **Norman Gilcrease** (DL...885/SS...567), hereinafter called Plaintiff, complaining of and about **Gerber Life Insurance Company,** hereinafter called Defendant, and for cause of action shows unto the Court the following:

1. **SERVICE**

Defendant **Gerber Life Insurance Company** is an insurance company, doing business in the State of Texas. Said Defendant can be served through its attorney for service: Corporation Service Company, 211 East 7TH Street, Suite 620, Austin, Texas 75870

2. **JURISDICTION**

The subject matter in controversy is within the jurisdictional limits of this court in that Plaintiff seeks recovery of over $100,00.00 but less than $200,000.00.

3. **VENUE**

Pursuant to Texas Civil Practice & Remedies Code, §15.032, venue in Tarrant County is proper in this cause in that it is where the beneficiary resides.

4. **AGENCY AND VICARIOUS LIABILITY.**

Whenever in this Petition it is alleged that Defendant did any act or thing or omission, it is meant that Defendant, its officers, agents, employees, or representatives did such act or thing or omission and that at the time such act or thing was done, it was done with the full authorization or ratification of Defendant or was done in the normal and routine course and scope of employment of Defendant, its officers, agents, employees, or representatives.

5. **WRITTEN NOTICE GIVEN.**

A. Plaintiff has fully complied with all of the conditions precedent prior to bringing this suit.

B. Notice letter was issued August 2016, and this lawsuit is being filed after the expiration of 60 days.

6. **FACTS**

A.  Plaintiff had a policy of insurance with Defendant, policy number 40263257.

B.  The policy is titled "Accident Policy" and provides benefits in the event an insured is blinded in one eye.

C.  The benefit for blindness in one eye is $50,000.00.

D.  On May 15, 2015, Plaintiff fell out of his truck, and soon thereafter began noticing vision problems.

E.  In July of 2015 Plaintiff went to see a eye specialist who told him his retina was extremely swollen.

F.  Plaintiff next went to see a retina specialist who prescribed eye drops but still did not have any improvement in his eye.

G.  The problems Plaintiff experienced eventually resulted in his failing his next eye exam for his driver's license on May 28, 2016.

H.  Plaintiff made a claim for benefits that was denied by Defendant in a letter dated July 20, 2016.

I.  Defendant's reason for denial was based on Defendant's assertion that Plaintiff had an accident in 1990 that resulted in his being blind in 2016.

J.  Defendant totally ignored the May 15, 2015 accident incurred by Plaintiff.

7. **VIOLATIONS OF THE TEXAS INSURANCE CODE**

A.  Plaintiff incorporates herein all the facts as set forth above.

B.  It appears that Defendant intentionally or in a negligent manner handled Plaintiff's claim. Defendant's conduct in this matter appears to be in violation of numerous laws, including but not limited to Texas Insurance Code (TIC), as follows:

    1.  TIC § 541.060(a)(1):   Defendant have violated this section by misrepresenting to a claimant a material fact relating to coverage at issue by telling Plaintiff his blindness is the result of a 1990 accident.

    2.  TIC § 541.060(a)(2)(A):   Defendant have violated this section by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear in that research on Defendant's part would show that Plaintiff experienced an accident in May of 2015 that resulted in his being blind.

    3.  TIC §541.060(a) (3):   Defendant have violated this section by failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts, for the insurer's denial of a claim in that it is unreasonable to believe that Plaintiff's eyesight was normal, i.e. 20/20 for 25 years and then all of a sudden he is blind in one eye.

    4.  TIC §541.060(a) (7):   Defendant have violated this section by refusing to pay a claim without conducting a reasonable investigation with respect to the claim in that Defendant failed to take into account the May 2015 accident Plaintiff experienced.

**8. BREACH OF CONTRACT**

A. Plaintiff incorporates herein all the facts as set forth above.

B. It appears that Defendants intentionally or in a negligent manner handled Plaintiff's claim. Defendant's conduct in this matter appears to be in Breach of Contract, as follows:

   1) There is a valid, enforceable contract of insurance between Defendant and Plaintiff.

   2) Plaintiff is a proper party to bring this lawsuit against Defendant.

   3) The Plaintiff has performed under the contract by paying premiums and cooperating with Defendant's investigation and supplying Defendant with necessary information.

   4) Defendant have breached the contract Defendant have with Plaintiff by denying him benefits.

   5) Defendant's breach of the contract has caused injury to Plaintiff.


**9. PROMPT PAYMENT OF CLAIMS ACT**

A. Plaintiff incorporates herein all the facts as set forth above.

B. Defendant had all the information needed to pay Plaintiff's claim on or before July 20, 2016. As a result, this claim should have been accepted and paid by July 27, 2016.

C. It appears that Defendant's intentionally or in a negligent manner handled Plaintiff's claim. Defendant's conduct in this matter appears to be in violation of Prompt Payment, as follows:

   1) TIC, § 542.055(a)(1): Defendant has violated this section by, not later than the 15th day after, Defendant received notice of Plaintiff's claim, acknowledged receipt of the claim.

   2) TIC, § 542.055(a)(2): Defendant has violated this section by, not later than the 15th day after, Defendant received notice of Plaintiff's claim, commenced investigation of the claim.

   3) TIC, § 542.055(a)(3): Defendant has violated this section by, not later than the 15th day after Defendant received notice of Plaintiff's claim requested from Plaintiff all items, statements, and forms that Defendant reasonably believed Defendant needed, at that time, that would be required from Plaintiff, i.e., Defendant only told him to file a police report.

   4) TIC, § 542.056(a): Defendant has violated this section in that Defendant did not notify John in writing of the acceptance or rejection of his claim not later than the 15th business day after the date Defendant received all items, statements, and forms required by Defendant to secure final proof of loss.

D. Defendant is liable as penalty at an interest of 18% a year on the policy benefits of plus attorneys' fees.

**10.   DAMAGES.**

Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described herein:

   a)   $50,000.00 - policy benefits

   b)   $100,000.00 - exemplary damages due to the knowing and intentional conduct on Defendant's part.

   c)   $5,000.00 - mental anguish damages resulting from Defendant's conduct.

   d)   reasonable and necessary attorney fees resulting from Defendant's conduct.

   e)   $????.?? - penalty @ 18% from July 20, 2016, on actual damages of $50,000.00, until paid.

**11.   DISCOVERY – REQUEST FOR DISCLOSURE TO DEFENDANT:**

A.   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, **Defendant Gerber Life Insurance Company** is requested to disclose, within fifty (50) days of service of this request, the information or material as set forth in R.194.2(a) through R.194.2(l). A response to a request under Rule 194.2(f) is due according to Rule 195.2 of the Texas Rules of Civil Procedure.

B.   The disclosures must be signed in accordance with Texas Rules of Civil Procedure, Rule 191.3, and delivered to the undersigned attorney. If a Defendant fails to comply with the requirements above, the Court may order sanctions against such Defendant in accordance with the Texas Rules of Civil Procedure.

**12.   USE OF DOCUMENTS:**

Pursuant to Rule §193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice to the Defendant that she intends to use all documents exchanged and produced between the parties (including, but not limited to, correspondence, pleadings, records, and discovery responses) during the trial of this matter.

**13.   ATTORNEY'S FEES.**

Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) §541.152(a)(1), of the Texas Insurance Code; (b) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (c) common law.

**14.   PRE-JUDGMENT INTEREST.**

As a result of the injuries sustained by Plaintiff as aforesaid and in addition to such damages, Plaintiff will show that he is entitled to pre-judgment interest on each separate element of damages as awarded by the jury during the trial of this case, from and after the date of accrual of such damages, through the date of judgment, such interest to accrue at the highest prevailing rate then applicable on the date of judgment.

### 15. POST JUDGMENT INTEREST.

As a result of the injuries sustained by Plaintiff and in addition to such damages, Plaintiff will show that he is entitled to post-judgment interest on damages awarded by the jury during the trial of this case, from and after the date of judgment, such interest to accrue at the highest prevailing rate then applicable until paid in full.

### 16. COSTS OF SUIT.

A.   In addition, Plaintiff seeks all related costs of suit in this cause of action through the trial, post-trial, appeal, and/or post-judgment discovery, etc. of this matter.

B.   Wherefore, Plaintiff seeks reimbursement of court costs incurred in the trial of this case and thereafter.

### 17. REQUEST FOR JURY TRIAL.

Plaintiff respectfully requests that a Jury be impaneled on final hearing of this cause of action.

### 18. PRAYER.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

SIGNED on October 10, 2016.

Respectfully submitted,

/s/   Mark S. Humphreys
Mark S. Humphreys   - SBOT #00789762

MARK S. HUMPHREYS, P.C.
702 Dalworth Street, Grand Prairie, Texas 75050
Tel.  (972) 263-3722     *     Fax. (972) 237-1690
Email:  texaslaw94@yahoo.com
**Attorney For Plaintiff**