U.S. DISTR█
NORTHERN DISTRICT OF TEXAS
FILED

FEB - 3 2017

CLERK, U.S. DISTRICT COURT

By_____
            Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

NORMAN GILCREASE,              §
                               §
          Plaintiff,           §
                               §
VS.                            §   NO. 4:16-CV-1074-A
                               §
GERBER LIFE INSURANCE COMPANY, §
                               §
          Defendant.           §

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of defendant, Gerber
Life Insurance Company, to dismiss the complaint, as amended, of
plaintiff, Norman Gilcrease, for failure to state a claim upon
which relief may be granted.  Plaintiff responded.  Having
considered the motion, the entire record, and pertinent legal
authorities, the court concludes that the motion should be
granted.

I.

Plaintiff's Claims

Plaintiff's claims are (1) breach of an insurance policy
issued by defendant to plaintiff and (2) extra-contractual claims
related to defendant's handling of plaintiff's claim under the
policy.  Under the heading "FACTS" on page 2 of Plaintiff's First

Amended Complaint, plaintiff recites the following as the factual

bases of his claims:

6.    Plaintiff had a policy of insurance with
Defendant, policy number 40263257, which was in full
force and effect at all times relevant to this lawsuit.

7.    The policy is titled "Accident Policy" and
provides benefits in the event an insured is blinded in
one eye.

8.    The benefit for blindness in one eye is
$50,000.00.

9.    On May 15, 2015, Plaintiff fell out of his truck,
and soon thereafter began noticing vision problems.

10.   In July of 2015 Plaintiff went to see an eye
specialist who told him his retina was extremely
swollen.

11.   Plaintiff next went to see a retina specialist who
prescribed eye drops but still did not have any
improvement in his eye.

12.   Plaintiff who drives a truck for a living has
always passed his eye exam to maintain his Commercial
Driver's License.

13.   The problems Plaintiff experienced eventually
resulted in his failing his next eye exam for his
driver's license on May 28, 2016.

14.   Plaintiff made a claim for benefits that was
denied by Defendant in a letter dated July 20, 2016.

15.   Defendant's reason for denial was based on
Defendant's assertion that Plaintiff had an accident in
1990 that resulted in his being blind in 2016.

16.   Defendant totally ignored the May 15, 2015
accident incurred by Plaintiff.

Doc. 15 at 2, ¶¶ 6-16.[1]   The extra-contractual claims are based

on alleged violations of sections 541.060, 542.055, and 542.056

of the Texas Insurance Code.   Id. at 2-4, ¶¶ 18 & 22.

II.

Grounds of the Motion to Dismiss

Defendant moved to dismiss plaintiff's complaint for failure

to state any claim upon which relief may be granted.   Because

plaintiff's claims, as alleged, are based on an insurance policy

issued by defendant to plaintiff and a claim submitted by

plaintiff to defendant under that insurance policy, defendant has

included in the appendix in support of its motion to dismiss a

copy of the insurance policy and of plaintiff's completed claim

statement and related attending physician's statement.[2]   Doc. 18

at App. 49-63, 65-66, & 68.   Defendant maintained in its motion

that those documents affirmatively establish that plaintiff's

---

[1]The "Doc. ___" references are to the numbers assigned to the referenced items on the docket in this Case No. 4:16-CV-1074-A.

[2]The insurance policy and the claim papers are referred to in plaintiff's complaint and are central to his claim.   Doc. 15 at 2, ¶¶ 6-8 & 14.   Thus, the insurance policy and claim papers that accompanied the motion to dismiss are proper for the court's consideration in determining whether the motion to dismiss has merit.   See Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)(quoting Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993). Plaintiff does not take issue in his response to the motion to dismiss with defendant's reliance on the insurance policy and claim papers.   Rather, plaintiff notes in his responsive memorandum that "now Defendant has provided a good copy [of the policy] in its motion."   Doc. 20 at 1, ¶ 7.

3

claim for loss of sight in one eye is not covered by the
insurance policy.

### III.

### Plaintiff's Response

Plaintiff seeks in its response and supporting memorandum
leave to again amend his complaint if the court were to conclude
that defendant's motion is meritorious.  Docs. 19 (Prayer) & 20
at 2, ¶ 8.  In his supporting memorandum, plaintiff misrepresents
the allegations of his complaint by suggesting that he alleged
that he "suffered a fall that within a few months led to
blindness in one eye."  Doc. 20 at 1, ¶ 5.  The amended complaint
does not contain such a causation allegation.  <u>Supra</u> at 2-3.

### IV.

### Analysis

A.   <u>Pertinent Pleading Principles</u>

Rule 8(a)(2) of the Federal Rules of Civil Procedure
provides, in a general way, the applicable standard of pleading.
It requires that a complaint contain "a short and plain statement
of the claim showing that the pleader is entitled to relief,"
Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair
notice of what the claim is and the grounds upon which it rests,"
<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal
quotation marks and ellipsis omitted).  Although a complaint need

not contain detailed factual allegations, the "showing"
contemplated by Rule 8 requires the plaintiff to do more than
simply allege legal conclusions or recite the elements of a cause
of action.  Twombly, 550 U.S. at 555 & n.3.  Thus, while a court
must accept all of the factual allegations in the complaint as
true, it need not credit bare legal conclusions that are
unsupported by any factual underpinnings.  See Ashcroft v. Iqbal,
556 U.S. 662, 679 (2009) ("While legal conclusions can provide
the framework of a complaint, they must be supported by factual
allegations.").

Moreover, to survive a motion to dismiss for failure to
state a claim upon which relief can be granted, the facts pleaded
must allow the court to infer that the plaintiff's right to
relief is plausible.  Iqbal, 556 U.S. at 678.  To allege a
plausible right to relief, the facts pleaded must suggest
liability; allegations that are merely consistent with unlawful
conduct are insufficient.  Id.  In other words, where the facts
pleaded do no more than permit the court to infer the possibility
of misconduct, the complaint has not shown that the pleader is
entitled to relief.  Id. at 679.  "Determining whether a complaint
states a plausible claim for relief . . . [is] a context-specific
task that requires the reviewing court to draw on its judicial
experience and common sense."  Id.

B.    <u>Plaintiff Has Not Adequately Pleaded Any Claim</u>

1.    <u>The Breach of Contract Claim</u>

Defendant has cured one of plaintiff's pleading deficiencies by providing as part of its motion to dismiss the text of the insurance contract upon which plaintiff bases his breach of contract claim.  Doc. 18 at App. 49-63.  The insurance policy provides that it will pay benefits to an eligible person "[w]ho, as a direct result of an injury, and from no other cause, suffer[s] a [loss of one eye] within 365 days from the date of an accident."  <u>Id.</u> at App. 50.  The term "injuries" is defined in the policy to mean "accidental bodily injuries: (a) received while insured under this policy; and (b) which result independently of sickness and all other causes, in [loss of one eye]."  <u>Id.</u> at App. 58.

Defendant maintains in support of its motion to dismiss that, as a matter of law, the record, which includes the claim papers submitted by plaintiff to defendant, establishes that plaintiff did not lose an eye as the result of an accidental bodily injury that plaintiff received while insured under the policy, and that, if he had a loss of eye, it did not occur within 365 days from the date of the accidental bodily injury that caused the loss.

6

The claim statement submitted by plaintiff to defendant supports these grounds of defendant's motion.  In section 2 of the claim statement, plaintiff said that his loss of sight was due to an accident and that the accident occurred on August 31, 1990.  Id. at App. 65, § 2.  In the part of the claim statement asking for a description of "the accident, location and extent of all injuries received," plaintiff answered:

> "Shotgun to Face/upper body, San Jose, CA, Both eyes damaged, multiple surgerices corrected vision to 20/20 - 7/2015 onset of current problem, diagnosised on 6/1/16 with 20/400 vision, unable to see out of Left eye.  Condition related to gunshot (glass fragments) into eye causing swelling to retina."

Id. at App. 65-66, § 2 (errors in original).  Plaintiff also stated in his claim statement that "the injuries described above" were "solely responsible for the loss of sight, independent of sickness and all other causes."  Id. at App. 65, § 11.

He provided in the claim statement the names of his doctors, including Dr. Anderson.  Id. at App. 65, § 12.  Dr. Anderson's physician statement in support of plaintiff's claim substantiated what plaintiff had said in his claim statement.  Dr. Anderson said that plaintiff's loss of sight occurred August 31, 1990, id., App. 68, § 6, and that it was due to an accident that occurred on that same date.  Id. at App. 68, § 2.  He described the accident, location, and extent of injuries as "Gunshot to

Face & upper body. San Jose, CA, Loss of sight in left eye." <u>Id.</u>
Dr. Anderson added confirmation that the 1990 gunshot wound
accident to plaintiff's face was solely responsible for
plaintiff's loss of sight in his left eye, independent of all
other causes. <u>Id.</u>, § 13.

No mention was made in the claim statement signed and
submitted by plaintiff to defendant, or in the attending
physician statement signed by Dr. Anderson, of any event or
occurrence, such as plaintiff falling out of a truck, that played
any part in a loss of sight suffered by plaintiff in his left
eye.  Indeed, no such accident or event was mentioned at all in
either of those documents.

Even if the court were to pretend, as plaintiff did in his
responsive memorandum, <u>supra</u> at 4, that he pleaded in his amended
complaint a causal connection between a fall out of his truck on
May 15, 2015, and his loss of sight in his left eye, the pleading
still would be inadequate to state a claim under the insurance
policy.  The record nevertheless would establish as a matter of
law that something that happened on May 15, 2015, was not the
cause, <u>independently of all other causes</u>, in the loss of vision
in plaintiff's left eye.  <u>Supra</u> at 6.  The court notes that the
statement by plaintiff in his claim statement that "7/2015 onset
of current problem, diagnosised [sic] on 6/1/16 with 20/400

8

vision, unable to see out of Left eye," supra at 7, seems to contradict a contention that a fall from a truck on May 15, 2015, was causative.

Even if the court were to engage in the kind of make-believe plaintiff engaged in when preparing and filing his responsive memorandum, the pleading standards established by Twombly and Iqbal would not have been met.  The pleaded facts would not allow the court to infer that plaintiff has a plausible right of relief under the insurance policy.  In other words, even if the unpleaded causation suggested by plaintiff in his supporting memorandum, supra at 4, had been included in his amended complaint, the allegations of the amended complaint would at the very best from plaintiff's standpoint do no more than permit the court to infer the possibility that a fall from the truck had something to do with plaintiff's eyesight problem.  But, even if that possibility were to be entertained, it would be hopeless from plaintiff's standpoint because the record would establish conclusively that the fall from the truck was not the sole cause, independently of other causes, of plaintiff's eye problem.

Thus, as a matter of law, the record upon which the court is to rely in deciding whether the motion to dismiss has merit, establishes as a matter of law that whatever loss of sight plaintiff experienced in his left eye was caused at least in

9

part, if not solely, by a shotgun wound he received in August
1990.

    2.   <u>The Extra-Contractual Claims</u>

    The failure of plaintiff to plead a breach of contract cause
of action takes down with it his extra-contractual claims.  There
are other reasons why plaintiff has failed to plead extra-
contractual claims, but suffice to say that plaintiff fails to
allege facts that would cause any of those claims to have merit
if the insurance company did not have an obligation to make a
payment to plaintiff under the policy.  The court agrees with the
reasons given by defendant on pages 6-8 of the motion to dismiss
that the extra-contractual claims must likewise be dismissed for
failure to state a claim upon which relief may be granted. Doc.
16.

V.

<u>The Court is Not Authorizing Plaintiff to File<br>Yet Another Amended Complaint</u>

    This action was commenced by a pleading plaintiff filed in
state court on October 10, 2016.  Doc. 1-2 at 2.  The facts
alleged in that pleading in support of plaintiff's claim, <u>id.</u>,
were virtually identical to the facts alleged by plaintiff in his
amended complaint, <u>supra</u> at 2-3.  Defendant removed the action to
this court on November 23, 2016.  Doc. 1.

10

Because of the inadequacy of plaintiff's state court
pleading, the court issued an order on December 23, 2016,
requiring plaintiff to file an amended complaint in compliance
with, <u>inter alia</u>, the pleading requirements of the Federal Rules
of Civil Procedure.  Doc. 14 at 2.  In that order, the court was
careful to explain to plaintiff what the federal court pleading
requirements are, saying:

> A complaint in federal court must plead facts that
> show the plaintiff's right to relief is plausible.
> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009).  Further,
> the court does not accept conclusory allegations or
> unwarranted deductions of fact in a federal court
> complaint as true.  <u>Bell Atl. Corp. v. Twombly</u>, 550
> U.S. 544, 555 (2007).

<u>Id.</u> at 1-2.

By the time that order was issued, plaintiff had already
been alerted to the deficiencies in his state court pleading by
the answer defendant had filed in state court.  Doc. 1-6 at 2-4.
Having knowledge of the facts he would have to plead in order to
state a claim under the insurance policy, and of the federal
pleading rules, plaintiff was fully alerted before he filed his
first amended complaint that he was at risk of dismissal of his
amended complaint if in response to the December 23, 2016 order
he did not plead facts, rather than conclusory allegations or

unwarranted deductions of fact, that would show that his right to relief is plausible.[3]

Not only did plaintiff fail in his amended complaint to cure the pleading deficiencies of which he by then had knowledge, he made no attempt upon receipt of defendant's motion to dismiss to seek in a proper way leave to file yet another amended complaint.

Plaintiff's passing references in his response to the motion to dismiss and in his supporting memorandum of his contingent desire to file another amended complaint are not in compliance with the Local Civil Rules of this court. Plaintiff did not comply with the requirement of Local Civil Rule LR 5.1, which requires that "[a]ny document must clearly identify each included . . . motion . . . ." If leave is sought to amend a pleading, the Local Civil Rules require that the movant attach a copy of the proposed amended pleading as an exhibit to the motion, and submit with the motion the original and a copy of the proposed pleading. LR 5.1. Apparently plaintiff was not serious enough about filing another amended complaint to go to the trouble to comply with the Local Civil Rules.

Moreover, the record indicates that if plaintiff were to put in another amended complaint allegations of fact that would be

---

[3]The December 23, 2016 order requiring plaintiff to file an adequate amended complaint stated that his failure to comply with the order may result in the imposition of sanctions, including dismissal of his claims, without further notice. Doc. 14 at 2.

inconsistent with the contents of the claim statements he submitted to defendant, he would be at risk of the imposition of sanctions under Rule 11 of the Federal Rules of Civil Procedure. In other words, the record suggests that plaintiff cannot honestly plead facts by another amended complaint that would bring his claim within the scope of the coverage of the insurance policy issued by defendant.

VI.

Order

For the reasons stated above,

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted; and

The court further ORDERS that all claims and causes of action asserted by plaintiff against defendant in the above-captioned action be, and are hereby, dismissed.

SIGNED February 3, 2017.

_____

JOHN McBRYDE
United States District Judge

13